**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Great American Alliance Insurance Company, | **COMPLAINT FOR RESCISSION AND DECLARATORY JUDGMENT** |
| Plaintiff, | |
| v. | C.A. No. ___2:25-cv-13443-DCN___ |
| Pete and Rita's Social Club, Janet Guzman, Cielo Jean "CJ" Gibson, Gallienne Nabila, Stephanie Rao, and Yodit Yemane a/k/a Jodie Joe, | (Non-Jury) |
| Defendants. | |

Plaintiff Great American Alliance Insurance Company, by and through its undersigned counsel, complaining of Defendants, would respectfully allege and show unto the Court as follows:

**NATURE OF ACTION**

1.      This action is brought pursuant to the provisions of the Uniform Declaratory Judgment Act, as codified in 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. There is a real and justiciable controversy between the parties, the parties are interested parties, and Plaintiff Great American Alliance Insurance Company ("GAAIC") asks the Court to declare the rights and obligations of the parties.

2.      The Court's declaration will confer certainty on the parties and serve the interests of justice.

**PARTIES, JURISDICTION & VENUE**

3.      GAAIC is an insurance company organized and existing under the laws of the State of Ohio, with its principal place of business in the State of Ohio. GAAIC issues insurance policies in South Carolina and insures property and interests located within South Carolina.

4.      According to publicly available records, Defendant Pete and Rita's Social Club is a non-profit corporation formed under the laws of the State of South Carolina, with its principal place of business in Charleston County, South Carolina. Upon information and belief, Pete and Rita's Social Club operates Black Diamondz Lounge (referred to herein as "Pete and Rita's/Black Diamondz Lounge").

5.      According to the Constitution and By-Laws filed with the South Carolina Secretary of State, "[t]he purpose of Pete and Rita's Social Club, is to operate a non-profit club, consisting of a lounge and or a restaurant, for the entertainment if [sic] its members, the guests of the members, and to sponsor certain charitable projects."  A true and accurate copy of the Articles of Incorporation and attached Constitution and By-Laws is attached as **Exhibit A** and incorporated herein by reference.

6.      Pete and Rita's/Black Diamondz Lounge is located at 3705 Saint Johns Avenue, North Charleston, South Carolina. *See* Exhibit A.

7.      Upon information and belief, Defendant Janet Guzman ("Guzman") is a citizen and resident of Los Angeles County, California.

8.      Upon information and belief, Defendant Cielo Jean "CJ" Gibson ("Gibson") is a citizen and resident of Los Angeles County, California.

9.      Upon information and belief, Defendant Gallienne Nabila ("Nabila") is a citizen and resident of Los Angeles County, California.

10.      Upon information and belief, Defendant Stephanie Rao ("Rao") is a citizen and resident of Los Angeles County, California.

11.      Upon information and belief, Defendant Yodit Yemane a/k/a Jodie Joe ("Joe") is a citizen and resident of Los Angeles County, California.

12.     This declaratory judgment action arises out of claims made by Guzman, Gibson, Nabila, Rao, and Joe, (collectively, "Underlying Plaintiffs") against Pete and Rita's/Black Diamondz Lounge in the lawsuit filed on August 11, 2025 in the United States District Court for the District of South Carolina, Charleston Division, which bears Civil Action No. 2:25-cv-10405-DCN ("the Underlying Action"). A true and accurate copy of the Complaint in the Underlying Action is attached as **Exhibit B**, the allegations of which are incorporated herein by reference.

13.     Jurisdiction exists because there is complete diversity of citizenship between GAAIC and the Defendants, and the amount in controversy, including the potential costs of defending and indemnifying any potential insureds in the underlying dispute, potentially exceeds $75,000.00.  Thus, this Court has jurisdiction based upon 28 U.S.C. § 1332(a).

14.     This Court has personal jurisdiction over the Defendants because Underlying Plaintiffs have instituted the Underlying Action against Pete and Rita's/Black Diamondz Lounge in the State of South Carolina.

15.     Venue is appropriate under 28 U.S.C. § 1391 because this lawsuit seeks a declaration from the Court regarding rights and obligations under insurance policies issued by GAAIC to Pete and Rita's/Black Diamondz Lounge insuring its business in Charleston County, South Carolina.

## FACTUAL BACKGROUND

A.     **The Underlying Action**

16.     This declaratory judgment action arises out of claims involving the alleged misappropriation of likenesses of Underlying Plaintiffs, a group of "well-known professional models," by Pete and Rita's/Black Diamondz Lounge to "promote their bar." *See* Complaint, Exhibit B, ¶1.

17.     The Complaint in the Underlying Action asserts claims for violation of §43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) – False Association; Violation of §43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(B) – False Advertising; Common Law Right of Publicity – Misappropriation of Likeness; Violation of South Carolina's Unfair Trade Practices Act, S.C. Code Ann § 39-5-10, *et seq.*; Defamation; Negligence and Respondeat Superior; Conversion; Unjust Enrichment; and Quantum Meruit.

18.     In the Complaint, Underlying Plaintiffs allege that Pete and Rita's/Black Diamondz Lounge misappropriated Underlying Plaintiffs' likenesses by publishing their images and likenesses on Pete and Rita's/Black Diamondz Lounge's website or social media, falsely implying that Underlying Plaintiffs worked at, endorsed, or were otherwise affiliated with the establishment and to promote Pete and Rita's/Black Diamondz Lounge's establishment and events. *See* Complaint, Exhibit B, ¶¶19, 21, 22, 25, 28, 31, 34, 37, 43, 46, 58, 90, 91.

19.     Underlying Plaintiffs also allege Pete and Rita's/Black Diamondz Lounge misappropriated their advertising ideas from their social media accounts, which they use to market themselves and maintain their professional brands. *See id.* at ¶23.

20.     Underlying Plaintiffs allege Pete and Rita's/Black Diamondz Lounge's unauthorized use caused substantial financial and reputational harm, while Pete and Rita's/Black Diamondz Lounge benefitted commercially through increased publicity, promotional exposure, and revenue. *See id.* at ¶¶42, 44, 47, 48, 54.

21.     Underlying Plaintiffs allege Pete and Rita's/Black Diamondz Lounge's use of their images and likenesses constitutes a "false designation of the source of origin, sponsorship, approval, or association," misleading Underlying Plaintiffs' fans and prospective clients into believing that Pete and Rita's/Black Diamondz Lounge's advertisements were endorsed by or affiliated with Underlying

Plaintiffs. *See id.* at ¶66. Underlying Plaintiffs contend they and Pete and Rita's/Black Diamondz Lounge compete within the entertainment industry, vying for the same dollars from the same demographic group. *See id.* at ¶¶67, 68, 69, 71.

22.     In the South Carolina Unfair Trade Practices Act claim, Underlying Plaintiffs allege Pete and Rita's/Black Diamondz Lounge engaged in unfair or deceptive trade practices by publishing Underlying Plaintiffs' images and likenesses to create the false impression that Underlying Plaintiffs were either strippers working at Pete and Rita's/Black Diamondz Lounge, endorsed Pete and Rita's/Black Diamondz Lounge, or were otherwise affiliated, associated, or connected with Pete and Rita's/Black Diamondz Lounge, and as such, Pete and Rita's/Black Diamondz Lounge intended to mislead the public. *See id.* at ¶¶105-107.

23.     In the defamation claim, Underlying Plaintiffs allege Pete and Rita's/Black Diamondz Lounge's publication of Underlying Plaintiffs' images and likenesses accuse Underlying Plaintiffs of having acted in a manner which would subject them to "hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace, and/or induce an evil opinion of Underlying Plaintiffs in the minds of right-thinking persons, and/or could deprive each Plaintiff of confidence and friendly intercourse in society." *See id.* at ¶122.

24.     Underlying Plaintiffs allege defamation per se because such publication tends to injure them in their trade as professional models. *See id.* at ¶123.

25.     Underlying Plaintiffs further assert that Pete and Rita's/Black Diamondz Lounge acted negligently, or with actual malice in publishing Underlying Plaintiffs' images and likenesses because they knew or should have known that Underlying Plaintiffs had no affiliation with Pete and Rita's/Black Diamondz Lounge, had not consented to the use of their images and likenesses, and had not been compensated for the use. *See id.* at ¶¶119-120.

**B.    The Policies & Applications**

26.    GAAIC issued a commercial general liability policy to Beauty Health & Trade Alliance under a Food Liability Insurance Program, bearing policy number PLE738466 for the policy period February 28, 2022 to February 28, 2023 ("the 2022-2023 Policy"). Thereafter, GAAIC issued two additional Food Liability Insurance Program commercial general liability policies to Hospitality & Entertainment Trade Alliance, bearing policy number PLF046122 for the policy period February 27, 2024 to February 27, 2025 ("the 2024-2025 Policy") and policy number PLF194992 for the policy period February 27, 2025 to February 27, 2026 ("the 2025-2026 Policy") (collectively, the "Policies"). Each Policy has limits of $1,000,000 per occurrence, $1,000,000 personal and advertising injury, and a $2,000,000 general aggregate limit. True and correct copies of the Policies are attached as **Exhibit C** and incorporated herein by reference.

27.    The Food Liability Insurance Program is an insurance program written for vendors, distributors and manufacturers of food products who are participating members of the Beauty Health & Trade Alliance or Hospitality & Entertainment Trade Alliance.

28.    Each insurer in the Food Liability Insurance Program issues a master policy to the Beauty Health & Trade Alliance or Hospitality & Entertainment Trade Alliance. Members can then apply for insurance coverage through the Food Liability Insurance Program and, if approved, become insureds under one or more master policy(ies) through a Certificate of Coverage.

29.    The Policies GAAIC issued to the Beauty Health & Trade Alliance and the Hospitality & Entertainment Trade Alliance through the Food Liability Insurance Program are designed to enroll through certificates, individuals or businesses that are smaller in nature and involved in operations that include, but are not limited to, concessionaires such as food trucks, food cart or food trailers, personal or private chefs, farmers' markets, and caterers.

30.     Pete and Rita's/Black Diamondz Lounge is a member of the Beauty Health & Trade Alliance and the Hospitality & Entertainment Trade Alliance and applied for general liability coverage through the Food Liability Insurance Program. True and accurate copies of Pete and Rita's/Black Diamondz Lounge's applications for insurance are attached as **Exhibit D** and incorporated herein by reference.

31.     In its application for insurance dated February 28, 2022 ("2022 Application"), Pete and Rita's/Black Diamondz Lounge answered "no" when asked whether it was a "bar or tavern" and whether it provides any products or services other than food or alcohol. *See* the 2022 Application, Exhibit D.

32.     In its applications for insurance dated February 27, 2024 ("2024 Application") and February 27, 2025 ("2025 Application"), Pete and Rita's/Black Diamondz Lounge answered "yes" when asked to confirm that it was not a "restaurant, café, bakery, tavern, bar, nightclub, dance club, social club or lounge." *See* the 2024 and 2025 Applications, Exhibit D.

33.     In its 2024 and 2025 Applications for insurance, Pete and Rita's/Black Diamondz Lounge answered "yes" when asked to confirm that it did not "own, lease or rent a location where events are promoted or provide event promotion" and did not "work with or use event promoters or have any events where [it is] promoting or sponsoring any live entertainment." *See id.*

34.     In its 2022, 2024 and 2025 Applications for insurance, Pete and Rita's/Black Diamondz Lounge identified the company name as "Pete and Rita's Social Club." In addition, it identified its business as "bartending," its business class as "Bartending Services," and answered "no" when asked whether it offered happy hour, multiple drink incentives, all you can drink specials, complimentary drinks, BYOB, bottle service and self-service. *See* the 2022, 2024 and 2025 Applications, Exhibit D.

35.    The 2022, 2024 and 2025 Applications for insurance identified a number of excluded products under the general liability coverage, including, but not limited to, the following: (1) alcoholic beverages or products (including serving, selling, or sub-contracting – covered by liquor liability policy); and (2) restaurant, café, bakery, tavern, or similar establishment, with operations where the applicant owns or leases the space where customers enter to purchase food/beverages. *See id*.

36.    The 2022, 2024 and 2025 Applications further identified a number of excluded operations for the Food Liability Insurance Program, including, but not limited to, the following: (1) bar and/or tavern; (2) adult/strip club; and (3) nightclub. *See id*.

37.    Based on the representations in the applications, GAAIC issued Certificates of Coverage to "Pete and Rita's Social Club" (certificate numbers F145912, F234309, F289282) for commercial general liability coverage. The business description on the Certificate of Coverage is described as "bartending." Copies of the Certificates of Coverage are attached as **Exhibit E** and incorporated herein by reference.

38.    A justiciable controversy exists between the parties in this action concerning whether coverage exists under the Policies for the damages alleged by Underlying Plaintiffs in the Underlying Action.

39.    GAAIC seeks rescission of the Policies and a judicial declaration that the Policies do not provide coverage for the allegations and damages in the Underlying Action and, therefore, GAAIC has no duty to defend or indemnify any insured in connection with the claims in the Underlying Action.

<u>**FOR A FIRST CAUSE OF ACTION**</u>
**(Rescission)**

40.    The allegations contained in the paragraphs above, to the extent not inconsistent herewith, are incorporated as if fully stated herein.

41.     Pete and Rita's/Black Diamondz Lounge stated in its Constitution and By-Laws filed with the South Carolina Secretary of State on or about October 9, 2000, that its purpose, in part, is to operate a club consisting of a lounge and or a restaurant for the entertainment of its members and guests.

42.     The 2022, 2024, and 2025 Applications for insurance completed by Pete and Rita's/Black Diamondz Lounge on February 28, 2022, February 27, 2024, and February 27, 2025 respectively, specifically provided that general liability coverage was not provided for bars, taverns, adult/strip clubs, night clubs, or similar establishments where the insured owns or leases the space where customers enter to purchase food/beverages.

43.     In its 2022, 2024, and 2025 Applications for insurance, Pete and Rita's/Black Diamondz Lounge described its business activities as "bartending," its business class as "Bartending Services," and answered "no" when asked whether it offered happy hour, multiple drink incentives, all you can drink specials, complimentary drinks, BYOB, bottle service and self-service.

44.     In its 2022 Application for insurance, Pete and Rita's/Black Diamondz Lounge answered "no" when asked if it was a "bar or tavern."

45.     In its 2022 Application for insurance, Pete and Rita's/Black Diamondz Lounge also answered "no" when asked whether it provides any products or services other than food or alcohol.

46.     In its 2022 Application for insurance, Pete and Rita's/Black Diamondz Lounge also answered "no" when asked whether it offers any kind of entertainment with its service.

47.     In its 2024 and 2025 Applications for insurance, Pete and Rita's/Black Diamondz Lounge answered "yes" when asked to confirm that it was not a "restaurant, café, bakery, tavern, bar, nightclub, dance club, social club or lounge."

48.     In its 2024 and 2025 Applications for insurance, Pete and Rita's/Black Diamondz Lounge also answered "yes" when asked to confirm that it did not "own, lease or rent a location where events are promoted or provide event promotion" and did not "work with or use event promoters or have any events where [it is] promoting or sponsoring any live entertainment."

49.     GAAIC had a right to rely on these representations and did, in fact, rely on them in agreeing to issue the Certificate of Coverage to Pete and Rita's/Black Diamondz Lounge.

50.     Notwithstanding the representations made on the applications, upon information and belief, Pete and Rita's/Black Diamondz Lounge operated as a bar, adult/strip club or nightclub, provided entertainment, served alcohol to customers, and owned, leased, or rented the property where it conducted these activities.

51.     According to Pete and Rita's/Black Diamondz Lounge's social media posts, Pete and Rita's/Black Diamondz Lounge routinely held entertainment events at 3705 Saint Johns Avenue, North Charleston, South Carolina on dates prior to the completion of the 2022 Application. Specifically, posts dated February 17, 2021 and March 1, 2021 advertised "live entertainment by DJ Sean Dolby," posts dated January 17, 2022 and January 24, 2022 advertised events featuring "$3 Boom Punch," "happy hour," "cash prize tournaments," "bingo," "trivia," and "karaoke," and a post dated February 14, 2022 advertised "Turn Up Tuesdayz Seafood Night" and "music by DJ Duck Off & DJ 4Sho." Following the completion of the 2022 Application, posts dated June 5, 2022 and June 23, 2022 advertised "music by DJ Tripp," a post dated July 22, 2022 advertised a "lock down strip party" that included "private session upon request" and "free round of shots all night," a post dated July 25, 2022 advertised "music by DJ Shad Ike," "grilled food plates," and "liquor & hookah specials," and a post dated September 8, 2022 advertised a "Seafood Bonanza" that included an "open

bar till 8pm" and "powered by DJ Shad Ike." Copies of social media posts from Pete and Rita's/Black Diamondz Lounge are attached hereto as **Exhibit F**.

52.     According to Pete and Rita's/Black Diamondz Lounge's social media posts, Pete and Rita's/Black Diamondz Lounge routinely held entertainment events at 3705 Saint Johns Avenue, North Charleston, South Carolina on dates prior to the completion of the 2024 Application. Specifically, posts dated October 13, 2023 and November 14, 2023 advertised "Motivated Mondayz" with "$3 happy hour," "spades tournament," and "cash prize." Following the completion of the 2024 Application, a post dated March 19, 2024 advertised "brunch & karaoke," "Rep Your Jersey day party," and "prizes." *See* Exhibit E.

53.     According to Pete and Rita's/Black Diamondz Lounge's social media posts, Pete and Rita's/Black Diamondz Lounge routinely held entertainment events at 3705 Saint Johns Avenue, North Charleston, South Carolina on dates prior to the completion of the 2025 Application. Specifically, a post dated October 14, 2024 advertised "Kids Karaoke Halloween Pajamas Party." *See id*.

54.     According to Pete and Rita's/Black Diamondz Lounge's Facebook page, Pete and Rita's/Black Diamondz Lounge is a "Bar" and "provide[s] great food and drink specials." *See id.*

55.     Pete and Rita's/Black Diamondz Lounge knew, when it completed the 2022, 2024 and 2025 Applications for insurance, that it operated a bar, tavern, adult/strip club, or nightclub at a location where it owned, leased or rented space where customers entered to purchase food/beverages, precisely the type of business GAAIC unambiguously stated in the applications that it would not insure. Despite this knowledge, Pete and Rita's/Black Diamondz Lounge noted its business activities was "bartending" and stated that it was not a bar or tavern.

56.     Pete and Rita's/Black Diamondz Lounge's representations were made with the intent to deceive GAAIC so that it would issue policies to Pete and Rita's/Black Diamondz Lounge.

57.     The misrepresentations were material to the risk and GAAIC issued the Policies in reliance on the misrepresentations. Had GAAIC known the truth about the business operated by Pete and Rita's/Black Diamondz Lounge, it would not have issued the Policies.

58.     Therefore, GAAIC is entitled to rescind the Policies based on the material misrepresentations made by Pete and Rita's/Black Diamondz Lounge.

**FOR A SECOND CAUSE OF ACTION**
**(Declaration That There is No Coverage Under the Policies'**
**Coverage A and Coverage B Insuring Agreements)**

59.     The allegations contained in the paragraphs above, to the extent not inconsistent herewith, are incorporated as if fully stated herein.

60.     The Insuring Agreement in the Policies for **Coverage A – Bodily Injury and Property Damage**, provides, in relevant part, as follows:

**SECTION I – COVERAGES**

**Coverage A – Bodily Injury and Property Damage Liability**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

                              * * *

61.    An endorsement to the Policies entitled "Limitation of Coverage to Designated Premises, Project or Operation" changes subsection b. of the Insuring Agreement for Coverage A – Bodily Injury and Property Damage to the following:

**b.**    This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

**(1)** The "bodily injury" or "property damage":

**(a)** Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or

**(b)** Arises out of the project or operation shown in the Schedule.

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

\* \* \*

62.    The Insuring Agreement for **Coverage B – Personal and Advertising Injury,** provides, in relevant part, as follows:

**SECTION I – COVERAGES**

**Coverage B – Personal and Advertising Injury Liability**

**1.    Insuring Agreement**

**a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\* \* \*

63.    As was the case with Coverage A, the "Limitation of Coverage to Designated Premises, Project or Operation" endorsement changes subsection b. of the Coverage B Insuring Agreement in the base form.

64.    The endorsement provides in relevant part as follows:

**b.**  This insurance applies to "personal and advertising injury" caused by an offense committed in the "coverage territory" but only if:

    **(1)**  The offense arises out of your business:

        **(a)**  Performed on the premises shown in the Schedule; or

        **(b)**  In connection with the project or operation shown in the Schedule; and

    **(2)**  The offense was committed during the policy period.

* * *

65.    The endorsement includes a Schedule to identify the premises or project or operation.

66.    There are no premises identified on the Schedule for the endorsement.

67.    The project or operation on the Schedule states "Per Certificate."

68.    The certificate identifies the operations performed by the insured as "bartending."

69.    Under both Coverage A and B, coverage is only provided for claims for bodily injury or property damage or personal and advertising injury arising out of an occurrence or offense that arises out of the bartending operations identified on the certificate.

70.    The Policies define "bodily injury" as bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

71.    The Policies define "property damage" as follows:

**17. "Property damage"** means:

    **a.**  physical injury to tangible property, including all resulting loss of use of that property. All such loss of use of that property shall be deemed to occur at the time of the "occurrence" that caused it; or

    **b.**  loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

    For purposes of this insurance, electronic data is not tangible property.

14

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

72.     The Policies define "occurrence" as an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

73.     The Policies define "personal and advertising injury" as follows:

**14. "Personal and advertising injury"** means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

**a.**  false arrest, detention or imprisonment;

**b.**  malicious prosecution;

**c.**  the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.**  oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.**  oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.**  the use of another's advertising idea in your "advertisement"; or

**g.**  infringing upon another's copyright, trade dress or slogan in your "advertisement".

74.     No coverage is provided under Coverage A because Underlying Plaintiffs do not make any claims in the Underlying Action for bodily injury or property damage caused by an occurrence.

75.     No coverage is provided under Coverage B because the personal and advertising injuries, if any, alleged by Underlying Plaintiffs in the Underlying Action arose out of tavern, adult/strip club, or nightclub operations. They did not arise out of an offense arising out of bartending operations.

76.     Because the Insuring Agreements are not satisfied under the facts alleged in the Underlying Action, GAAIC is entitled to a declaration that it has no duty to defend or indemnify Pete and Rita's/Black Diamondz Lounge or any other insured under the Policies in the Underlying Action.

### FOR A THIRD CAUSE OF ACTION
**(Declaration that "Exclusion of Claims and Suits Alleging Infringement
of Intellectual Property or Unfair Competition" Endorsement Excludes Coverage)**

77.     The allegations contained in the paragraphs above, to the extent not inconsistent herewith, are incorporated as if fully stated herein.

78.     The Policies contains the "Exclusion of Claims and Suits Alleging Infringement of Intellectual Property or Unfair Competition" endorsement that excludes coverage for any claims or suits that allege personal and advertising injury arising out of any violation of an intellectual property right and claims or suits that allege violation of laws concerning unfair trade practices or similar laws under Coverage B of the Policies.

79.     The endorsement adds the following Exclusion with respect to Coverage B:

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**A. COMMERCIAL GENERAL LIABILITY COVERAGE FORM, Coverage B – Personal and Advertising Injury Liability, 2. Exclusions, i. Infringement of Copyright, Patent, Trademark or Trade Secret**, is deleted and replaced by the following:

**i.  Claim or Suit Alleging Infringement of Intellectual Property**

**(1)** Any claim or "suit" that alleges "personal and advertising injury" arising out of any actual, alleged, or threatened misappropriation, infringement, or violation of any intellectual property or intellectual property right or law of any description, including but not limited to any of the following:

**(a)** copyright;

**(b)** patent;

**(c)** trademark;

**(d)** trade name;

**(e)** trade secret;

**(f)** trade dress;

**(g)** service mark;

**(h)** slogan;

**(i)** service name;

**(j)** description of origin, source, authorship, authenticity, or quality;

**(k)** other right to or law recognizing an interest in any expression, idea, likeness, name, style of doing business, symbol, or title; or

**(l)** any other intellectual property right or law.

This exclusion applies to our duty to defend and our duty to pay damages whether such misappropriation, infringement, or violation is committed in your "advertisement" or otherwise.

**B.** The following exclusion is added to **COMMERCIAL GENERAL LIABILITY COVERAGE FROM, SECTION I – COVERAGES, COVERAGE B – Personal and Advertising Injury Liability, 2. Exclusions:**

**Claim or Suit Alleging Violation of Laws Concerning Unfair Competition or Similar Laws**

**1.** Any claim or "suit" that alleges "personal and advertising injury" arising out of any actual, alleged, or threatened violation of any statutes, common law, or other laws or regulations concerning unfair competition, antitrust, restraint of trade, piracy, unfair trade practices, or any similar laws or regulations.

**2.** Any "personal or advertising injury" alleged in a claim or "suit" that also alleges any actual, alleged, or threatened violation of any statutes, common law, or other laws or regulations concerning unfair competition, antitrust, restraint of trade, piracy, unfair trade practices, or any similar laws or regulations.

This exclusion applies to our duty to defend and our duty to pay damages whether such misappropriation, infringement, or violation is committed in your "advertisement" or otherwise.

* * *

80. The Policies define "advertisement" as follows:

1. **"Advertisement"** means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

   a. notices that are published include material placed on the Internet or on similar electronic means of communication; and

   b. regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

81. The Policies define "suit" as a civil proceeding in which damages because of "bodily injury," "property damage," or "personal advertising injury" to which this insurance applies are alleged.

82. In the Underlying Action, Underlying Plaintiffs allege Pete and Rita's/Black Diamondz Lounge misappropriated Underlying Plaintiffs' likenesses by publishing their image and likeness on Pete and Rita's/Black Diamondz Lounge's website or social media to promote its establishment and events, thereby falsely implying that Underlying Plaintiffs endorsed or were affiliated with its establishment.

83. In the defamation claim, Underlying Plaintiffs also allege Pete and Rita's/Black Diamondz Lounge's publication of Underlying Plaintiffs' images and likenesses accuse Underlying Plaintiffs of having acted in a manner which would subject them to "hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace, and/or induce an evil opinion of Underlying Plaintiffs in the minds of right-thinking persons, and/or could deprive each Plaintiff of confidence and friendly intercourse in society."

84. Underlying Plaintiffs further allege defamation per se because such publication tends to injure them in their trade as professional models. Underlying Plaintiffs also allege Pete and

Rita's/Black Diamondz Lounge misappropriated, altered and republished Underlying Plaintiffs' advertising ideas because the images came from Underlying Plaintiffs' own social media pages, which each Plaintiff uses to market herself to potential clients, grow her fan base, and build and maintain her brand.

85.     Under the above endorsement, there is no coverage for Pete and Rita's/Black Diamondz Lounge under Coverage B for personal and advertising injury because the Underlying Action alleges infringement of intellectual property rights.

86.     In the Underlying Action, Underlying Plaintiffs also allege violations of the South Carolina Unfair Trade Practices Act and the Lanham Act for false association and false advertising.

87.     Under the above endorsement, there is no coverage for Pete and Rita's/Black Diamondz Lounge under Coverage B for personal and advertising injury because the Underlying Action alleges violation of unfair trade practices.

88.     Therefore, GAAIC is entitled to a declaration that it has no duty to defend or indemnify Pete and Rita's/Black Diamondz Lounge or any other insured under the Policies because Underlying Plaintiffs' claims for personal and advertising injury in the Underlying Action arise from the alleged infringement of Underlying Plaintiffs' intellectual property right in their likenesses and Underlying Plaintiffs allege violations of the South Carolina Unfair Trade Practices Act and Lanham Act.

**FOR A FOURTH CAUSE OF ACTION**
**(Declaration that the Material Published**
**Prior to Policy Period Exclusion Excludes Coverage)**

89.     The allegations contained in the paragraphs above, to the extent not inconsistent herewith, are incorporated as if fully stated herein.

90.     Coverage B contains the "Material Published Prior to Policy Period" Exclusion which provides as follows:

**Coverage B – Personal and Advertising Injury Liability**

1. **Exclusions**

This insurance does not apply to:

c. **Material Published Prior to Policy Period**

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

91.     The Underlying Action includes exhibits identifying the dates on which Pete and Rita's/Black Diamondz Lounge published each Underlying Plaintiffs' image and likeness on their social media platforms:

a.     Gibson: posts dated January 13, 2019; January 14, 2019; and January 16, 2019. *See* Exhibit A, Ex. A.

b.     Nabila: posts dated March 1, 2021; March 2, 2021; and March 7, 2021. *See* Exhibit A, Ex. B.

c.     Guzman: posts dated February 9, 2022; February 14, 2022; June 5, 2022; July 22, 2022; July 25, 2022; September 28, 2022; October 19, 2022; January 4, 2023; January 20, 2023; February 10, 2023; February 17, 2023; February 24, 2023; October 13, 2023; and November 14, 2023. *See* Exhibit A, Ex. C.

d.     Rao: posts dated June 23, 2022; and July 25, 2022. *See* Exhibit A, Ex. D.

e.     Joe: posts dated September 15, 2018; March 15, 2019; July 11, 2019; October 5, 2020; February 17, 2021; March 1, 2021; January 17, 2022; and January 24, 2022. *See* Exhibit A, Ex. E.

92.     The 2022-2023 Policy, the first policy GAAIC issued to Pete and Rita's/Black Diamondz Lounge, incepted on February 28, 2022.

93.     GAAIC did not issue a policy to Pete and Rita's/Black Diamondz Lounge for the period February 28, 2023 to February 27, 2024.

94.     The posts giving rise to Gibson's, Nabila's and Joe's claims against Pete and Rita's/Black Diamondz Lounge were published prior to the 2022-2023 Policy. Therefore, GAAIC has no duty to defend or indemnify Pete and Rita's/Black Diamondz Lounge or any other insured under the Policies for the claims asserted by Gibson, Nabila, and Joe in the Underlying Action.

95.     Additionally, GAAIC is entitled to a declaration that it has no duty to defend or indemnify Pete and Rita's/Black Diamondz Lounge or any other insured under the Policies for the claims in the Underlying Action that arise from posts first published during the period of February 28, 2023 to February 27, 2024, as no GAAIC policy was in effect during that period of time.

**WHEREFORE,** GAAIC prays for the following relief:

a.     Rescission of the Policies because Pete and Rita's/Black Diamondz Lounge made material misrepresentations in its applications for insurance and, therefore, there are no policies of insurance issued to Pete and Rita's/Black Diamondz Lounge in effect at the time of the claims alleged in the Underlying Action;

b.     For a judicial declaration that there is no coverage under Coverage A of the Policies because Underlying Plaintiffs do not claim bodily injury or property damage caused by an occurrence;

c.     For a judicial declaration that there is no coverage under Coverage B of the Policies because Underlying Plaintiffs' claims for personal and advertising injury do not arise out of an offense that arises out of the bartending operations identified on the Certificates of Coverage;

d.     For a judicial declaration that the Exclusion added by endorsement for "Claim or Suit Alleging Infringement of Intellectual Property or Violation of Laws Concerning Unfair Competition or Similar Laws" excludes coverage under Coverage B of the Policies;

e.     For a judicial declaration that there is no coverage under the Policies because the "Material Published Prior to Policy Period" Exclusion excludes coverage for the claims made by

Gibson, Nabila and Joe where the publications took place prior to any GAAIC policy period and for the claims that arise from posts first published during the period of February 28, 2023 to February 27, 2024;

      f.    For a judicial declaration that GAAIC has no duty to defend or indemnify Pete and Rita's/Black Diamondz Lounge, or any other insured for the claims made by Underlying Plaintiffs in the Underlying Action under the Policies; and

      g.    GAAIC prays that the Court award it the costs of the action and any such other and further relief as this Court shall deem just and proper.

s/Jennifer E. Johnsen
Jennifer E. Johnsen (Fed. Bar No. 5427)
GALLIVAN, WHITE & BOYD, P.A.
55 Beattie Place, Suite 1200 (29601)
P.O. Box 10589
Greenville, SC  29603
(864) 271-9580
jjohnsen@gwblawfirm.com

Attorneys for Plaintiff Great American Alliance
Insurance Company

Greenville, South Carolina

November 18, 2025